**U.S. Department of Justice**

*Eastern District of Louisiana*
*U. S. Attorney's Office*

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED   APR 2 1 2005
LORETTA G. WHYTE
CLERK

JOHN R. MORELLO
*Assistant United States Attorney*
*Financial Crimes Unit*

*Hale Boggs Federal Building*
*501 Magazine Street, Second Floor*
*New Orleans, LA 70130*

*Telephone # (504) 680-3114*
*Fax # (504) 589-3594*

August 23, 2002

Honorable *
United States District Judge
Eastern District of Louisiana
500 Camp Street
New Orleans, Louisiana 70130

    Re:  United States v. Raymond C. Reggie
         Criminal Docket No. *05-32 + 05-52, Sec J

Dear Judge * :

    In compliance with the holding of <u>Bryan v. United States</u>, 492 F.2d 775 (1974) and with Rule 11 of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and Raymond C. Reggie, the defendant, in the above-captioned proceeding. Defendant's undersigned counsel, Michael H. Ellis, has reviewed the terms of this agreement and has been advised by the defendant that the defendant fully understands the terms of this agreement.

    The Government intends to file a bill of information in the Eastern District of Louisiana, charging the defendant, Raymond C. Reggie, with conspiracy to commit bank fraud in violation of Title 18, United States Code, Section 371. The Government also intends to file a bill of information in the Middle District of Louisiana, charging the defendant, Reggie, with bank fraud in violation of Title 18, United States Code, Section 1344. The Government will allow the defendant to plead guilty as charged and agrees that it will not bring any other charges in the Eastern District of Louisiana arising from defendant's participation in a scheme to defraud Hibernia National Bank in 2000 or the Middle District of Louisiana arising from defendant's participation in a scheme to defraud Union Planters Bank in 1999.

    The defendant understands that he has a right to be charged by way of an indictment, however, the defendant will waive that right and consent to be charged by way of bills of information. The defendant agrees that he will plead guilty in the Eastern District of Louisiana to

___ Fee_____
___ Process_____
_X_ Dktd____
_/_ CtRmDep_tw_
___ Doc.No._____

Honorable
August 23, 2002
Page - 2 -

the bill of information filed in the Middle District of Louisiana pursuant to Rule 20 of the Federal Rules of Criminal Procedure.

The defendant further understands that the maximum penalty defendant may receive upon conviction for a violation of Title 18, United States Code, Section 371, should his plea of guilty be accepted by this Honorable Court, is five years imprisonment and/or a fine of $250,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571. The defendant also understands that in exchange for his plea of guilty to a violation of Title 18, United States Code, Section 1344, the United States Attorney's Office agrees, pursuant to Rule 11(e)(1)(C) of the Federal Rules of Criminal Procedure, with the provision that the Court may not sentence the defendant to a term of imprisonment greater than five (5) years. The defendant further understands that he may be fined $1,000,000 or the greater of twice the gross gain to the defendant or twice the gross loss to any person under Title 18, United States Code, Section 3571.

It also is understood that the Court will comply with the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code. The defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Further, the defendant understands that a mandatory special assessment fee of $100 for each bill of information, a total of $200, shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

The defendant further understands that the Court, in imposing a sentence of a term of imprisonment, shall include as part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment for a period of up to five (5) years pursuant to Title 18, United States Code, Section 3583. Supervised release is a period following release from prison during which defendant's conduct will be monitored by the Court or the Court's designee. Defendant fully understands that if defendant violates any of the conditions of supervised release that the Court has imposed, defendant's supervised release may be revoked and defendant may be ordered by the Court to serve in prison all or part of the term of supervised release.

Except as otherwise provided in this paragraph, the defendant hereby expressly waives the right to appeal his conviction and sentence on any ground, including but not limited to any appeal right conferred by Title 18, United States Code, Section 3742 on the defendant, and the defendant further agrees not to contest his sentence in any post-conviction proceeding, including but not limited

to a proceeding under Title 28, United States Code, Section 2255. The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum, and (b) any punishment to the extent it constitutes an upward departure from the Guideline range deemed most applicable by the sentencing court.

The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment", Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

The defendant understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The defendant additionally understands the Court could impose the maximum term of imprisonment and fine allowed by law, including the imposition of supervised release.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands he must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if he is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct. The defendant also agrees to fully cooperate to the extent requested by the Government and the degree of defendant's cooperation will be solely determined by the Government. Should the Government determine that defendant's cooperation is/has been unsatisfactory, the Government reserves the right to withdraw from this plea agreement and charge defendant with offenses consistent with defendant's conduct in schemes to defraud Hibernia National Bank in 2000 and Union Planters Bank in 1999.

In consideration of the defendant's willingness to acknowledge his guilt and accept responsibility for his criminal conduct in compliance with the aforementioned conditions, the Government agrees to bring to the attention of the appropriate Courts and prosecutors any cooperation rendered by the defendant. The United States may, but shall not be required to make a motion requesting the Court to depart from the sentencing guidelines in the event the defendant provides "substantial assistance". It shall be in the sole discretion of the United States Attorney as to whether a motion requesting departure from the sentencing guidelines should be filed. That decision will be made by the Government after it evaluates the defendant's entire cooperation. The

Honorable
August 23, 2002
Page - 4 -

defendant understands that the motion could be filed before sentencing, at sentencing or after sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure.

The Government also agrees that any statements or testimony given by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement will not be used against the defendant nor will anything derived from the statements or testimony be used against the defendant except for the purpose of impeachment. However, all parties understand that any statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should he commit perjury or give false statements to federal agents, the statements and testimony can be used to prove those offenses, and he faces additional criminal charges.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in the assets listed in Exhibit A attached to this agreement and any assets or interest in assets, including but not limited to cash assets, negotiable instruments, securities, property or other things of value, including any and all property which has been transferred or sold to or deposited with any third party, known or unknown by the defendant for a period of not less than 10 years prior to the date of the signing of this agreement that were involved in, used in, intended for use in, or obtained through financial institution fraud as well as any asset, interest, or proceeds defendant received or could receive or cause to be received by a third party in the future, directly or indirectly, in whole or in part, from defendant's illegal activities.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within his possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500 (attached), and to provide the attached list of documents. The defendant understands this information may be provided to a representative of any victim of this offense.

Honorable
August 23, 2002
Page - 5 -

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

JIM LETTEN
UNITED STATES ATTORNEY
EASTERN DISTRICT OF LOUISIANA

_____
John R. Morello
Assistant United States Attorney


DAVID R. DUGAS
UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

_____
Frederick A. Menner, Jr.
Assistant United States Attorney


_____   8-23-02
Attorney for the Defendant    Date

_____   8-23-02
Defendant                     Date